ISGRIG *v.* THOMAS.

4-9480　　　　　　　　　　　　　　240 S. W. 2d 870

Opinion delivered June 18, 1951.

*John M. Lofton, Jr.,* for appellant.

*A. F. House, Charles B. Thweatt* and *Wood & Smith,* for appellee.

ROBINSON, J. On the 30th day of November, 1942, Nannie Isgrig died testate leaving surviving her three daughters and three sons, Rosie L. Gadd, Elsie Ware, Myrtie Wallis (now Thomas), W. B. Isgrig, Fred Isgrig, and Ben C. Isgrig, all adults. At the time of her death, the testator had by deed disposed of all of her real property with the exception of an apartment house on West Third Street in Little Rock. She willed this Third Street property in trust to her son. Fred. The net income from the property was to go to the daughters, Myrtie and Rosie, for a period of 8 years, at the expiration of which time the property was to be sold and the proceeds of the sale divided equally among the children of her body living at the expiration of the 8-year period.

All of the devisees named in the will were financially secure with the exception of Rosie and Myrtie. The other four, Ben, W. B., Elsie and Fred, agreed that they wanted to help Rosie and Myrtie, and they further agreed that if the will should be probated and the property sold at the expiration of 8 years as provided in the will, it might have to be sold on an unfavorable market. Therefore, the four met in Fred's office and while they were present Fred dictated an agreement to Mrs. Miller, his secretary, providing that the four brothers and sisters agreed not to probate the will, but to take the property according to the law of descent and distribution, and the four would convey a life estate therein to Rosie and Myrtie. Mrs. Miller typed the agreement, the original of which has been lost and was not produced in court.

Fred died in October, 1949. In January, 1950, a petition was filed in Probate Court asking that the administration be opened and the will probated. In March, 1950, Rosie and Myrtie filed suit in Chancery Court to compel specific performance of the family settlement agreement, whereby Myrtie and Rosie were to have a life estate in the property. The cases were consolidated for trial by agreement. The Chancery Court found for the plaintiffs in the specific performance suit. In the Probate proceedings the court found that the will had been superseded by the family settlement agreement.

The issue involved in this case is—did Ben, W. B., Elsie and Fred sign the family settlement agreement? Ben says he did not sign. Elsie and W. B. do not remember whether they signed. Mrs. Miller testified positively that she typed the agreement and all four signed in her presence; that it remained in Fred's office and she saw it several times thereafter. The will was not probated and nothing further was done about the matter until after Fred's death 7 years later. The 8-year period mentioned in the will expired after Fred's death. Therefore, his heirs would not take a portion of the property under the will if it should now be probated, as Fred was not living when the 8-year period expired.

It is not denied that the family settlement agreement would prevail provided the agreement was signed. Ben is the only one who says it was not signed. In addition to the testimony of Mrs. Miller that it was signed, the undisputed fact is that a family settlement agreement was dictated by Fred when the four were present, and it was typed. The will was not probated. No further action was taken for more than 7 years, and not until some few months after Fred's death. All the circumstances indicate that the agreement was signed and the Chancellor found that it was signed.

It is true that one claiming title under a lost instrument has the burden of proving the instrument by clear and satisfactory proof, and we think the evidence in this case measures up to that standard.

The judgment of the Probate Court holding that the will was superseded by the family settlement agreement is affirmed, and the decree of the Chancery Court is affirmed.

The Chief Justice and Mr. Justice George Rose Smith not participating.